**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-02941-CMA-STV

RYAN PARTRIDGE,

    Plaintiff,

v.

JOE PELLE, in his official capacity as Boulder County Sheriff;
BRUCE HAAS, in his individual and official capacity as the administrator of the Boulder County Jail and Division of Chief of the Boulder County Sheriff's Office;
JEFF GOETZ, in his individual and official capacity as the administrator of the Boulder County Jail and Division Chief of the Boulder County Sheriff's Office;
SHANE MCGURK, in his individual and official capacity as the Corrections Program Coordinator for the Boulder County Jail Mental Health Program;
T. SMITH, in his individual and official capacity;
KARMEN KOGER, in her individual and official capacity;
THOMAS GROFF, in his individual and official capacity;
PAMELA LEVETT, in her individual and official capacity;
ERIK CONTRERAS, in his individual and official capacity;
CHRISTOPHER MECCA, in his individual and official capacity;
DEBBIE STEVENS, in her individual and official capacity;
ROBERT HICKS, in his individual and official capacity;
DAN NEWCOMB, in his individual and official capacity;
CHUCK SISNEROS, in his individual and official capacity;
GREGORY CLEM, in his individual and official capacity;
CHRISTIAN BERRINGER, in his individual and official capacity;
DALE GREENE, in his individual and official capacity;
VILI MAUMAU, in his individual and official capacity;
ANTHONY HOLLONDS, in his individual and official capacity;
LYDIA MITCHELL, in her individual and official capacity; and
BOULDER COUNTY SHERIFF'S OFFICE,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Plaintiff's Fed. R. Civ. P. 54(b) Motion for Reconsideration of this Court's Order on Defendants' Motion to Dismiss [Doc. 108] (Doc. # 158), wherein Plaintiff moves this Court to revise its March 5, 2019 Order on Defendants' Motion to Dismiss (Doc. # 48) to allow Plaintiff's previously dismissed Claim Ten to proceed against Pamela Levett, Shane McGurk, and Dale Green. For the reasons described herein, the Court denies the Motion.

## I.     BACKGROUND

This Court and Magistrate Judge Varholak have described the factual and procedural history of this action at length. *See* (Doc. # 108 at 2–9); (Doc. # 157 at 2–10); (Doc. # 88 at 2–15). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's Motion for Reconsideration.

The instant case stems from events that took place between 2015 and 2016 at the Boulder County Jail ("BCJ"), which culminated in Mr. Partridge gouging his eyes out by hand in his jail cell. On December 7, 2017, Plaintiff initiated the instant action against 22 individuals, including Boulder County Sheriff's Office deputies, division chiefs, and the Sheriff himself. *See generally* (Doc. # 1). Plaintiff asserted thirteen claims. In Mr. Partridge's Claim Ten brought against all Defendants, he alleged deliberate indifference on the part of jail mental health and corrections staff in failing to get him treatment and failing to protect him on the night of December 17, 2016, when they knew of his psychosis and potentially life threatening, self-harming behavior. (*Id.* at 36–37.)

In its March 5, 2019 Order, this Court affirmed and adopted in part and rejected in part the September 18, 2018 Recommendation of Magistrate Judge Varholak (Doc. # 88) and dismissed Claims One, Five, Ten, and Thirteen. *See generally* (Doc. # 108).

Therein, the Court concluded in relevant part that "Defendants McGurk, Levett, Smith, Green, Berringer, Maumau, Pelle, and Goetz are entitled to qualified immunity as to Claim Ten because Plaintiff fail[ed] to allege that they violated clearly established law on December 17, 2016." (*Id.* at 31.) In his Motion for Reconsideration, Plaintiff moves the Court to reconsider its March 5, 2019 Order and allow Plaintiff's Claim Ten to proceed against former Defendants Pamela Levett, Shane McGurk, and Dale Green. To support his Motion, Plaintiff argues that after this Court dismissed Claim Ten, he obtained new evidence through discovery—in particular, through the depositions of BCJ staff members Pamela Levett and Shane McGurk—that "mak[es] clear the specific and definite facts and constitutional obligations of which the BCJ mental health staff were well aware." (Doc. # 158 at 5–6.)

## II.   **DISCUSSION**

### A.   **APPLICABLE LEGAL PRINCIPLES**

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, Fed. R. Civ. P. 54(b) allows a district court, in relevant part, to revise a previous interlocutory order at any time before the entry of judgment.[1] The

---

[1] Rule 54(b) provides as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims dand all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

3

Tenth Circuit recognizes three basic grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (applying *Servants of Paraclete* factors to Fed. R. Civ. P. 54(b) motion for reconsideration). A motion for reconsideration is appropriate to correct clear error or prevent manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012.

The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances ... the basis for the second motion must not have been available at the time the first motion was filed."). "In addition, 'arguments raised for the first time in a motion for reconsideration are not properly before the Court and generally need not be addressed.'" *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (quoting *United States v. Castillo-Garcias*, 117 F.3d 1179, 1197 (10th Cir. 2007)).

As a practical matter, to succeed on a motion for reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d

4

---

1250, 1256 (D. Colo. 2000) (citation omitted), *aff'd,* 16 F. App'x 959 (10th Cir. 2001). "A motion to reconsider ... should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (citation and internal quotation marks omitted).

## B.  ANALYSIS

Plaintiff argues that two of the grounds to grant a motion for reconsideration—i.e., new evidence previously unavailable and the need to correct clear error or prevent manifest injustice—apply in the instant case. The Court finds that neither basis for reconsideration is appropriate.

### 1. New Evidence Previously Unavailable

In his Motion and Reply, Plaintiff argues that the deposition testimony of Shane McGurk and Pamela Levett "confirms the strength of the allegations included in his complaint and draws into focus this Court's error on Defendants' motion to dismiss." (Doc. # 163 at 2.) However, Plaintiff's reliance on this deposition testimony is misplaced. In deciding a Rule 12(b)(6) motion, the Court generally may only consider the pleadings themselves. *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Notwithstanding the general rule, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

The recently acquired deposition testimony does not fall within the narrow exception to the general rule that the Court may only consider the pleadings in resolving a 12(b)(6) motion. Therefore, because the Court could not have considered the

deposition testimony in resolving Defendants' Motion to Dismiss, the Court may not grant a motion for reconsideration on this basis. *See Rocha v. CCCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 1333138, at *3 (D. Colo. Apr. 2, 2010) (noting the plaintiff's request that the Court consider exhibits attached to his motion for reconsideration that were not attached to his complaint did not comport with 12(b)(6) standard to test the sufficiency of the allegations within the four corners of the complaint).

Moreover, to the extent Plaintiff argues that the deposition testimony of Levett and McGurk establishes that mental health staff at BCJ "were not at all uncertain about the measures that needed to be taken to ensure Mr. Partridge vital, and constitutionally guaranteed, medical care," Plaintiff misapprehends the purely legal grounds on which the Court dismissed Claim Ten. Whether the law is clearly established at the time of the alleged violation is not a subjective question that considers the beliefs of the state actors before the Court. Instead, it is an objective legal question that would not be affected by the subsequent deposition testimony of BCJ mental health staff, even if the Court were to consider the deposition testimony. *See Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1163 (D. Colo. 2006) (citing *Crawford–El v. Britton,* 523 U.S. 574, 588 (1998)) (noting the "subjective understanding of the actor" is not important to the clearly established law analysis because "[w]hether a right was 'clearly established' is an 'essentially legal question,' which is only loosely tied to the particular facts of the case.").

2. <u>Need to Correct Clear Error or Prevent Manifest Injustice</u>

The remainder of Plaintiff's Motion rehashes arguments that were previously before the Court, stating: "It has been clearly established for years that mental health

workers in a correctional facility who (1) are confronted with a person with serious mental health issues and risks of self-harm and (2) know that they are unable to care for the person in their setting, must serve as gatekeepers to get the person the care they obviously need." (Doc. # 158 at 9) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1245–46 (10th Cir. 2013)). Plaintiff raised precisely this argument at the Motion to Dismiss stage, citing *Blackmon v. Sutton* in his Response to Defendants' Motion to Dismiss (Doc. # 72 at 27) and his Response to the Sheriff's Defendants' Objection to Judge Varholak's Recommendation (Doc. # 102 at 27). After careful consideration of the briefing on the Motion to Dismiss, the Recommendation, the briefing on Defendants' Objections to the Recommendation, and the relevant case law, the Court determined that Plaintiff failed to identify violations of clearly established law and that Defendants Levett, McGurk, and Green were entitled to qualified immunity on that basis. (Doc. # 108 at 27–31.) Plaintiff has failed to demonstrate a manifest error of law in the Court's previous order. Therefore, Plaintiff's Motion for Reconsideration is also inappropriate on this basis. *See Van Skiver*, 952 F.2d at 1243 ("A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see also Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256 ("[A] party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.").

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Fed. R. Civ. P. 54(b) Motion for Reconsideration of this Court's Order on Defendants' Motion to Dismiss [Doc. 108] (Doc. # 158) is DENIED.

DATED: September 14, 2020

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
United States District Judge